IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY RICHARD WILSON | § | |
| | § | |
| V. | § | A-15-CV-175-RP |
| | § | |
| TRAVIS COUNTY, TEXAS | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are: Petitioner Jeffrey Richard Wilson's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Wilson was granted in forma pauperis status by Order dated March 10, 2015. The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The undersigned finds that Petitioner's Petition for Writ of Habeas Corpus should be dismissed without prejudice for the reasons set out below.

**I. GENERAL BACKGROUND**

At the time of filing, Wilson was a pre-trial detainee confined at the Travis County Correctional Complex in Del Valle. He alleges that he is being held on a charge of unlawful restraint of a public official. In this case, Wilson complains that he has been denied the right to defend himself in violation of the Sixth Amendment. He also alleges that "I have been denied audience with a federal judge or other competent legal counsel." He requests that this Court "remove any and all claims, legal actions, orders, warrants, judgments, demands, liabilities, losses, depositions, summons,

lawsuits, costs, fines, liens, levies, penalties, damages, interests, and expenses whatsoever both absolute and contingent, as are due and as might become due, and as might be suffered/incurred by, as well imposed on the Jeffrey Richard Wilson Trust for any person."

## II. ANALYSIS

A state pretrial detainee or prisoner is entitled to raise constitutional claims in a federal habeas proceeding under Section 2241. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987). The availability of § 2241 to a pretrial detainee awaiting a state court trial is limited to actions inquiring into the legality of detention. *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973). Even in the case of a claim of illegal detention, federal habeas relief is not available before conviction absent special circumstances. *Braden v. 30th Judicial Cir. Ct. Of Ky.*, 410 U.S. 484, 489–90 (U.S. 1973). A plaintiff may not use Section 2241 merely to attempt to litigate constitutional defenses to state charges in federal court before the state court charges have been tried. *Id.* at 490. Courts considering the issue have held that an attempt to prevent or avoid prosecution itself may not be brought pursuant to § 2241, but a plaintiff may utilize § 2241 to enforce the State's obligation to bring him to trial, once state remedies are exhausted. *See Smith v. Hooey*, 393 U.S. 374 (1969).

In this case, Wilson complains both that he is being denied the right to defend himself and denied an "audience" with "competent legal counsel" in his state court proceeding. This issue has no impact on the legality of Wilson's detention. It is an attempt to litigate a constitutional defense to his state charges in federal court before trial. *Braden*, 410 U.S. at 490. Therefore Wilson's claim regarding counsel is not cognizable pursuant to § 2241 and is properly dismissed.

Additionally, under the *Younger* abstention doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971). "Federal habeas relief prior to a pending state criminal trial is [no] different from the type of relief sought in *Younger*." *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). All prerequisites for abstention under *Younger* are met. The District Court should decline to exercise jurisdiction over this case pursuant to the *Younger* abstention doctrine and dismiss Wilson's 28 U.S.C. § 2241 application.

## III.  RECOMMENDATION

Based upon the foregoing, the undersigned **HEREBY RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Jeffrey Richard Wilson's Petition for Writ of Habeas Corpus pursuant to § 2241 (Dkt. No. 1).

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id.* "When a District Court denies a habeas petition on procedural grounds without reaching the

petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's habeas petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. WARNING

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of March, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE